## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

**THEODORE TINSLEY,**                    :

        **Petitioner**            :

                              **CIVIL ACTION NO. 3:15-1296**

        **v.**                    :

                              **(Judge Mannion)**

**WARDEN R.A. PERDUE**              :


                           :

        **Respondent**

## MEMORANDUM

## I.  Background

On July 1, 2015, the Petitioner, an inmate at the Federal Correctional Institution at Schuylkill, ("FCI-Schuylkill"), Minersville, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). After receipt of the appropriate filing fee, on September 28, 2015, an order to show cause was issued. (Doc. 3). A response to the petition was filed on October 19, 2015. (Doc. 4). On November 20, 2015, the Petitioner filed a reply brief. (Doc. 7).

The Petitioner claims in the instant action that he was not afforded due process in relation to his disciplinary proceedings and that the requirements of the Administrative Procedure Act, ("APA"), were violated by way of the monetary sanction. (Doc. 1). As relief, he requests that this Court order his

good time credits and institutional privileges be restored, declare that the monetary fine is invalid and be restored to his inmate account, and expunge the conviction stemming from the September 2, 2014, urinalysis from his record. Id. Petitioner further seeks a declaratory judgment that the BOP regulation which allows for the imposition of a monetary fine violates the APA and the Due Process Clause. Id.

By Memorandum and Order dated May 3, 2016, Tinsley's petition was dismissed for Tinsley's failure to exhaust administrative remedies. (Docs. 8, 9). Presently before the Court is Petitioner's motion for reconsideration of this Court's May 3, 2016 Memorandum and Order. (Doc. 10). For the reasons set forth below, Petitioner's motion for reconsideration will be denied.

## II. DISCUSSION

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court

2

altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943

(E.D. Pa. 1995).

A review of the Court's May 3, 2016, Memorandum and Order reveals the following with respect to this Court's decision to dismiss the instant Petition for writ of habeas corpus:

> Federal prisoners are generally required to exhaust administrative remedies prior to seeking a writ of habeas corpus pursuant to §2241. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Where a petitioner has failed to exhaust his administrative remedies due to a procedural default, and the default renders the administrative process unavailable, consideration of a §2241 claim is barred unless the petitioner can show cause and prejudice. Speight v. Minor, 245 Fed. App'x 213, 215 (3d Cir. 2007). However, the Third Circuit has also "held that the administrative exhaustion requirement in this context may be excused if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served." Cerverizzo v. Yost, 380 Fed. App'x 115, 116 (3d Cir. 2010) (citations omitted).
>
> The BOP's well-established multi-tier administrative remedy program is set forth in 28 C.F.R. §§542.10-542.19. Pursuant to the program's provisions, appeals of DHO decisions must be submitted initially to the Regional Director for the region where the inmate is housed within twenty days of the DHO decision. 28 C.F.R. §§542.14(d)(2), 542.15(a). Once an appeal is filed to the Regional Director, a response is due by the Regional Director within thirty calendar days, and if no response is received within that time, the inmate may consider the absence of a response to be a denial. Id. at §542.18. If the inmate is not satisfied with the Regional Director's response, he may submit an appeal to the General Counsel (Central Office) within thirty calendar days of the date the Regional Director signed the response. Id. at §542.15(a). An appeal to the General Counsel is the final administrative appeal. Id. Completion of an appeal to the General Counsel constitutes exhaustion of administrative remedies. See Lindsey v.

Thomas, 2014 WL 3890005, at *5 (M.D.Pa. Aug. 8, 2014). Once an appeal is filed with the General Counsel, a response shall be made in forty calendar days. 28 C.F.R. §542.18. Again, if a response is not received within this time, the inmate may consider the absence of a response to be a denial. Id.

In his reply brief, the petitioner does not deny that he did not file a final appeal with the General Counsel, but argues that he did not do so because he never received the denial of his appeal from the Regional Office. He claims, therefore, that administrative remedies were not available to him because he did not know to file an appeal to the General Counsel. As discussed, the record demonstrates that the petitioner's Regional Office appeal was denied on November 7, 2014. However, even if for some reason the petitioner did not receive a copy of the denial, as set forth above, the regulations provide that an absence of a response within the required time is to be construed by the inmate as a denial, and the petitioner should have proceeded accordingly to fully exhaust his administrative remedies. The petitioner took no action to fully exhaust his administrative remedies and offers no valid explanation for his failure to follow the well-established administrative regulations.[1]

(Doc. 8, Memorandum at 5-7).

Petitioner makes two arguments in his motion for reconsideration. First,

he claims that pursuant to the Sixth Circuit's holding in Risher v. Lappin, 639

---

[1]The petitioner cites to the case of Small v. Camden, 728 F.3d 265 (3d Cir. 2013) for the proposition that the failure of prison officials to provide a timely response to a grievance renders an administrative remedy unavailable. However, Small is distinguishable from the instant action in that the inmate in Small was housed at a local county correctional facility, which had in place different administrative procedures. Here, the BOP has in place well-established administrative procedures, which direct that an inmate may deem denied any response which is not received in a timely manner.

F.3d 236, (6th Cir. 2011), this Court should find that Petitioner was prevented from exhausting his administrative remedies. Additionally, Petitioner claims that, pursuant to Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3rd Cir. 2005), exhaustion is not required, because he is challenging the constitutionality of the BOP's regulation regarding monetary fines as sanctions for misconduct. (Doc. 11).

In Risher, after failing to receive a response from the Regional Director in the time allotted for a reply, the Plaintiff filed an appeal with the General Counsel, explaining that the time for an answer from the Regional Director expired and that he had not received a response. Risher, 639 F.3d at 239. The General Counsel's office rejected Risher's appeal because he failed to include copies of his appeal to the Regional Director and the Regional Director's response. Id. The rejection notice indicated that Risher could resubmit his appeal within fifteen days and that the Regional Director had in fact responded to Risher's appeal on August 14, 2007. Id.

On appeal to the Sixth Circuit from the District Court's grant of summary judgment to Defendants, the Appellate Court found the following:

> In this case, Risher did not attempt to bypass the administrative grievance process detailed above; he affirmatively endeavored to comply with it. The Bureau's failure to deliver the Regional Director's response to Risher, however, prevented him from

submitting that response to the Central Office along with his BP–11 form. Risher nonetheless attempted to follow the Bureau's regulations by treating the Regional Director's failure to respond to his appeal as a denial, as he was instructed he could do by 28 C.F.R. §542.18, and appealing that denial to the Central Office. Risher explained to the Central Office that he had received no response to his appeal at the third tier of review.

Under the circumstances, Risher's efforts were sufficient. It is well established that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." Boyd v. Corr. Corp. of Am., 380 F.3d 989, 996 (6th Cir.2004) (citing Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir.2002); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir.2002).

Risher v. Lappin, 639 F.3d 236, 240 (6th Cir. 2011).

This Court finds the Sixth Circuit's holding in Risher distinguishable in that, as the Sixth Circuit indicated, Risher affirmatively endeavored to comply with the grievance process. Here, Tinsley made no further attempt to exhaust his administrative remedies when no response to his Regional appeal was received. Thus, the Court finds Risher inapplicable, as it is clear that the Petitioner, in the instant action, is clearly attempting to bypass the grievance process by not following through with the grievance process and then trying to argue that he has been prevented from exhausting. Once again, the regulation clearly indicates that if a response is not received within this time, the inmate may consider the absence of a response to be a denial. 28 C.F.R. §542.18. At that point, Tinsley's course of action, just like Risher, was to file

an appeal to the Central Office. Tinsley clearly failed to affirmatively endeavor to comply with the grievance process.

Petitioner's failure to satisfy the procedural rules of the BOP's administrative remedy program thus constitutes a procedural default, as "no administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office." Miceli v. Martinez, No. 08–1380, 2008 WL 4279887, 2 (M.D. Pa. Sept. 15, 2008); see also Moscato, 98 F.3d at 760 ("[F]ailure to satisfy the procedural rules of the Bureau's administrative process constitutes a procedural default."). Therefore, in a case such as this, where the petitioner has failed to exhaust his administrative remedies due to a procedural default thus rending unavailable the administrative process, review of the merits of his habeas claims is barred absent a showing of "cause and prejudice" to excuse the procedural default. Moscato, 98 F.3d at 761.

To demonstrate "cause" for a procedural default, the petitioner must show that "some objective factor external to the [petitioner's] defense impeded [his] efforts to comply with [a] procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). "Examples of external impediments which have been found to constitute cause in the procedural default context include 'interference by

officials,' 'a showing that the factual or legal basis for a claim was not reasonably available to counsel,' and 'ineffective assistance of counsel.'" Wise v. Fulcomer, 958 F.2d 30, 34 n.9 (3d Cir. 1992) (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)). To establish "actual prejudice," the petitioner must show "not merely that the errors ... created a possibility of prejudice, but that they worked to his actual and substantive disadvantage." Carrier, 477 U.S. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

The Court finds that Tinsley has not met that burden. He has failed to demonstrate any reason as to why this Court should excuse his default. In his reply, he argues that he did exhaust his claims because "it would have been futile for [him] to appeal to the Central Office without the Regional Director's response, because such a submission would have been rejected." (Doc. 11 at 5). Such argument does not serve as cause sufficient to excuse the procedural default. Accordingly, in the absence of any showing of cause sufficient to excuse his procedural default, the petition will be denied on the ground that Tinsley's federal habeas claims are barred by procedural default.

Finally, Petitioner claims that pursuant to Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3rd Cir. 2005), exhaustion is not required where an inmate is attacking the constitutionality of a prison policy. Again, Petitioner's

argument is clearly without merit.

In Woodall, a federal prisoner challenged the validity of BOP regulations that limited an inmate's placement in a halfway house to the lesser of ten percent of the inmate's total sentence or six months (28 C.F.R. §§570.20-21 (2005). He did not exhaust his administrative remedies, but argued that he was not required to do so because exhaustion would be futile. The district court agreed, stating: "[E]xhaustion of administrative remedies is not required where exhaustion would not promote" the goals of the doctrine. Woodall v. Federal Bureau of Prisons, No. 05-1542, 2005 WL 1705777 * 6 (D.N.J. July 20, 2005) (citing Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) and Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988)). It concluded:

> Here, it does not appear that there is any need to develop a factual record. Nor does this matter require application of the agency's particular expertise. Woodall does not challenge the application of the BOP's ten-percent rule to him, but challenges whether the ten-percent rule legally implements the statute pursuant to which it was promulgated. This is a question within the expertise of courts [under Chevron]. Accordingly, the purposes of the exhaustion requirement would not be served by requiring Woodall to exhaust his administrative remedies.

Id. The United States Court of Appeals for the Third Circuit subsequently affirmed the district court's resolution of the issue. Woodall, 432 F.3d at 239 n.2. It held that because "the purposes of exhaustion would not be served

here by requiring Woodall to exhaust his administrative remedies[,]" he was excused from the requirement. Id.

In contrast to Woodall, where exhaustion was futile because the court could confidently predict that the petitioner would not receive relief through the administrative process since the BOP was not going to deviate from its regulations, this Court cannot with certainty predict how the BOP's Regional Director and General Counsel's Office would have ruled on the Petitioner's administrative appeal if he had filed one challenging the BOP policy at issue in this case.

As such, Petitioner presents no evidence that this Court misunderstood or misinterpreted the law as it applies to his situation. Tinsley's petition was properly dismissed. Accordingly, this Court finds that its Memorandum and Order of May 3, 2016, is not troubled by manifest errors of law or fact and Petitioner has not presented anything new, which if previously presented, might have affected our decision. Consequently, the motion for reconsideration will be denied. An appropriate order shall follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:   February 14, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1296-02.wpd